IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ERIN L. SPENCER | § | |
| | § | |
| | § | |
| vs. | § | NO: SA: 14-CV-00869-DAE |
| | § | |
| BMW OF NORTH AMERICA, LLC, | § | |
| AND CARMAX AUTO | § | |
| SUPERSTORES, INC., | § | |

**DEFENDANT BMW OF NORTH AMERICA, LLC'S OPPOSED
MOTION TO DISQUALIFY AS TRIAL COUNSEL FOR PLAINTIFF**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Now comes BMW of North America, LLC ("BMW NA"), a Defendant in the above styled and numbered action, and files this, its Opposed Motion to Disqualify Plaintiff's Counsel at this time only in regard to his participation as trial counsel for Plaintiff in the above case and would respectfully show the Court as follows:

### I. Facts

This lawsuit arises out of an accident that occurred on or about September 18, 2012. Plaintiff claims that she was injured when her husband, Jason Spencer, her attorney of record, title holder of the vehicle and designated responsible third-party by the Court in this case (Exhibit 1) and (Exhibit 2), released a parking brake on the vehicle while it was parked on a steep incline in their driveway at their home.   Jason Spencer did not secure the vehicle from rolling backward by the use of wheel chocks, blocks or otherwise.   Plaintiff claims the vehicle rolled backward and struck the Plaintiff who was standing behind it.   Generally, the Plaintiff claims that there was some sort of defect in the parking system of the X5 vehicle.   On June 2, 2015, the deposition of plaintiff's counsel was taken

as a part of this case, and his testimony confirms that he is indeed a material witness in this case[1].

Because Jason Spencer is a key fact witness regarding disputed facts – and perhaps Plaintiff's only

witness as to the exact sequence of events leading to the accident – he is prohibited from serving as

an advocate at the trial of this case. See Tex. Disciplinary Rule of Prof'l Conduct 3.08(a).

### III. Legal Analysis and Argument

Rule 3.08 requires the disqualification of an attorney if he may serve as both an advocate and

a witness in the same case:

> A lawyer shall not accept or *continue employment* as an advocate before a tribunal in
> a contemplated or pending adjudicatory proceeding if the lawyer knows or believes
> that the lawyer *is or may be* a witness necessary to establish an essential fact on
> behalf of the lawyer's client[.][2]

*Tex. Disciplinary Rule of Prof'l Conduct 3.08(a)* ("Rule 3.08") (emphasis added).

Allowing counsel for a party to act in such a dual capacity results in unfair prejudice to the

opposing party.  Simply looking to comment four to Rule 3.08 summarizes the intolerable situation

created by counsel also acting as a fact witness:

> [T]he principal concern over allowing a lawyer to serve as both an advocate and
> witness for a client is the possible confusion that dual roles could create for the
> finder of fact . . . . If . . . the lawyer's testimony concerns a controversial or contested
> matter, combining the roles of advocate and witness can unfairly prejudice the
> opposing party.  A witness is required to testify on the basis of personal knowledge,
> while an advocate is expected to explain and comment on evidence given by others.
> It may not be clear whether a statement by an advocate-witness should be taken as
> proof or as an analysis of the proof.

*Tex. Disciplinary Rule of Prof'l Conduct 3.08*, cmt. 4.

---

[1]  Mr. Spencer is also a material witness on topics such as his spoliation of the vehicle and its component parts,
replacement of parts after the accident and his wife's alleged injuries.

[2]  None of the exceptions to the general prohibitions contained in the Rule apply here.  Mr. Spencer is not a party, much
less a pro se party; his testimony will pertain to contested key factual issues, including the sequence of events that led to
the claim in this case, as well as his and his wife's supposed lack of fault in failing to read the owner's manual and
releasing the parking brake improperly while on a steep incline, which is not simply some "formality."  Likewise, he has
shown, and can show, no substantial hardship under the facts much less the proper notice under Rule 308(a)(5).

Additionally, Rule 3.08 also addresses the inherent problem that handicaps an opposing party challenging the credibility of a testifying lawyer. *In re Guidry*, 316 S.W.3d 729, 738 (Tex. App.— Houston [14th Dist.] 2010, no pet.). Further, there are a number of other justifications for disqualification under Rule 3.08: (1) a lawyer-witness would otherwise be permitted to argue his own credibility; (2) appearing as a lawyer-witness would require the individual to serve conflicting roles as the role of a witness is to objectively relate facts and the role of an advocate is to advance his client's cause; and (3) permitting an advocate-witness can create an appearance of impropriety[3] when a lawyer testifies on his own client's behalf. *See In re Guidry*, 316 S.W.3d at 738 (*citing F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1311 (5th Cir. 1995)).

Under Rule 3.08's standard, a dual-role attorney should be disqualified if his testimony is "necessary to establish an essential fact." Rule 3.08(a); *In re Guidry*, 316 S.W.3d at 738 (*citing In re Sanders*, 153 S.W.3d 54, 57 (Tex.2004)). The party seeking disqualification must show it would suffer actual prejudice if opposing counsel were permitted to serve as both an advocate and a witness. *In re Guidry*, 316 S.W.3d at 738 (citing In re Sanders, 153 S.W.3d 54, 57 (Tex.2004)). Prejudice can be shown if the fact finder may be confused as to whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof, thereby handicapping the opposing party in challenging the credibility of the advocate-witness. *Id.* at 740–41; *see also* Rule 3.08, cmt. 4. Prejudice can further be shown by the fact that an advocate-witness, if permitted to remain on the trial team, will not be subject to exclusion from the courtroom under the Rule. *In re Guidry*, 316 S.W.3d at 741.

---

[3] "[T]he practice of attorneys furnishing from their own lips and on their own oaths the controlling testimony for their client is one not to be condoned by judicial silence . . . nothing short of actual corruption can more surely discredit the profession." *Aghili v. Banks*, 63 S.W.3d 812, 818 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (quoting *Warrilow v. Norrell*, 791 S.W.2d 515, 523 (Tex. App.—Corpus Christ 1989, writ denied)).

With these general principles in mind, the courts have consistently held a trial court abuses its discretion by refusing to disqualify an attorney who will serve as a witness on a contested fact issue. *Mauze v. Curry*, 861 S.W.2d 869, 870 (Tex. 1993) (granting conditional writ of mandamus when trial court refused to disqualify plaintiff's counsel who provided expert affidavit testimony that defendant attorney was negligent and committed legal malpractice). The test in federal court is the same. For example, in *Ayus v. Total Renal Care, Inc*, Dr. Ayus agreed to sell a controlling stake in his dialysis practice to Total Renal Care ("TRC"). *Ayus v. Total Renal Care, Inc.*, 48 F. Supp. 2d 714, 715 (S.D. Tex. 1999). Shortly after Dr. Ayus's transaction with TRC closed, Dr. Ayus claimed TRC began assembling a team tasked with documenting his every misstep in preparation for his firing. *Id.* One member of this team was Vinson & Elkins attorney Adam Schiffer ("Schiffer"), who authored and sent letters containing false allegations against Dr. Ayus as a pretext for firing him. Id. Dr. Ayus filed suit against TRC for breach of contract, common law fraud, and breach of fiduciary duty. *Id.*

Because he wanted to offer Schiffer's letters as evidence, Dr. Ayus sought to disqualify Schiffer under Rule 3.08. *Id.* TRC and Vinson & Elkins argued that disqualification would be improper because Schiffer did not have personal knowledge of relevant facts, but instead had based his letters exclusively on facts communicated to him by TRC. *Id.* at 716. Therefore, the defendants argued that all of the allegations in the letters could be obtained by Schiffer's sources, representatives of TRC, making Schiffer's testimony unnecessary. *Id.* The defendants also argued that Vinson & Elkins was hired in anticipation of litigation and disqualification under these circumstances would require a client to retain one lawyer for pre-litigation activities and another to represent the same position at trial. *Id.*

The Southern District held that the letters were necessary to Dr. Ayus' case and disqualified Schiffer under Rule 3.08. *Id.* at 716-17. In so holding, the court agreed with Dr. Ayus' arguments that TRC would have to prove the allegations in the letters were accurate, or at least made in good faith, in defense to his breach of contract claims. *Id.* Further, Dr. Ayus needed to use the letters to show he was fired despite his attempts to quickly and fairly address the allegations therein. *Id.* Finally, Dr. Ayus needed the letters to demonstrate that TRC attempted to harass and intimidate him, and to create a pretext for his firing. *Id.* The court concluded that the truth or falsity of Schiffer's letters was "squarely in issue" and refused to restrict Dr. Ayus' ability to use them "merely to allow TRC to retain its choice of counsel." *Id.* at 716. Importantly, the Court disqualified Schiffer as a preventative measure, despite the statement by counsel for Dr. Ayus that plaintiff did not intend to call Mr. Schiffer as a witness. *Id.* at 717. The court stated:

> Although the lawyers for Plaintiffs state that they do not intend to call Schiffer or any other VE lawyers as witnesses in this case, the Court believes that Schiffer has "involved himself in the facts of this case" such that he may ultimately become a necessary witness which would place him in the awkward position of acting as both an advocate and witness before the jury. In fact, Plaintiffs' lawyers, through discovery conducted to date, have already encountered discrepancies and knowledge gaps between the deposition testimony of TRC representatives and the content of the letters. The preventive measure of disqualifying Schiffer is therefore in order, to avoid the attorney-witness problem that may yet arise in this case down the road.

*Id.* (emphasis added).

Likewise, in *In re Guidry*, Mr. Lamont Jefferson ("Jefferson), a partner at Haynes and Boone, LLP, served as coverage counsel for a group of insureds (the "Insureds"). *In re Guidry*, 316 S.W.3d 729, 732 (Tex. App.—Houston [14th Dist.] 2010, no pet.). In that role, Jefferson advised the Insureds regarding coverage, sent numerous letters to opposing counsel, and negotiated an agreement tolling the statute of limitations. Id. The initial suit settled, as did the subsequent coverage suit. Id.

{03407610.DOC / }

However, the Insureds then initiated suit against the brokers of the implicated insurance policies under the Texas Insurance Code alleging that the brokers obtained substandard insurance for the Insureds. *Id.* at 733–34. Jefferson was a fact witness in this suit because the brokers raised a limitations defense and he had sent correspondence and negotiated a tolling agreement directly related to limitations in the underlying suit. *See id.* at 732. The brokers moved for summary judgment on limitations grounds, attaching Jefferson's letters and testimony as support. *Id.* at 734–35. Jefferson then appeared as "additional counsel" for the Insureds in response to this motion for summary judgment. *Id.* at 735.

Relying on Rule 3.08, the brokers filed a motion to disqualify Jefferson. *Id.* at 736. The trial court denied this motion, and the brokers sought mandamus. *Id.* at 737. The brokers argued that Jefferson's testimony was essential to their limitations defense. *Id.* The Insureds argued that other representatives of the Insureds could provide similar testimony, and that the best evidence of Jefferson's letters were the letters themselves. *Id.* The Houston Fourteenth Court of Appeals rejected the Insureds' arguments and held Jefferson's testimony met the standard for Rule 3.08:

> [T]hese other sources of proof would not be able to explain or testify concerning the facts that Jefferson knew that might have aroused suspicion regarding the possible existence of the Two–Year Claims. In addition, because the Jefferson Letter and the evidence of what Jefferson knew and when he knew it are crucial elements of the Brokers' defense, the Brokers are entitled not only to offer the letter into evidence, but also to call the author as a witness to furnish testimony concerning the substance of the letter and his thought processes in preparing it and in filing suit on behalf of the Insureds.

*Id.* at 740 (emphasis added). Further, the court held that permitting Jefferson to serve as both an advocate and a witness would cause actual prejudice to the brokers:

> "[A]llowing Jefferson to serve as both a lawyer and a fact witness would cause actual prejudice to the Brokers by blurring the line in the jurors' minds between Jefferson's legal arguments as counsel and his trial testimony as a fact witness, potentially inducing the jury to give undue weight to his arguments as counsel because of his extensive personal knowledge of facts or because the jury could not recall whether statements he made during the trial were made from the counsel table or the witness

6

stand. If Jefferson were permitted to serve on the Insureds' courtroom team, the Brokers would be prejudiced in their ability to obtain Jefferson's exclusion from the courtroom under the rule for exclusion of witnesses".

*Id.* at 741. Thus, the Houston Fourteenth Court of Appeals held the trial court clearly abused its discretion in refusing to disqualify Jefferson and conditionally granted mandamus relief. Id. at 742.

Like the attorneys in *Mauze, In re Guidry* and *Ayus*, Mr. Spencer is completely intertwined in the facts that are the subject of this litigation and should be disqualified to appear at trial as Plaintiff's counsel. The testimony of Mr. Spencer is critical to his own client's claims, but also is pivotal to BMW NA's defense of comparative causation. He is going to be forced to attempt to defend his actions and those of his wife both *factually* and *as trial advocate* which raises all of the problems described in the above cases. The comparative causation of the plaintiff and her attorney in the causation of the accident are squarely in issue in this case and adamantly disputed. Several courts have held on similar facts that permitting an attorney in Jason Spencer's position to continue representation before the court would be a clear abuse of discretion. *Mauze*, 861 S.W.2d at 870; *In re Guidry*, 316 S.W.3d at 742. Further, Mr. Spencer is a necessary witness as to the allegations at issue. Thus, Mr. Spencer is a necessary fact witness and should be disqualified as serving as an advocate and material witness at trial. *Mauze* 861 S.W.2d at 870; *Ayus*, 48 F. Supp. 2d at 716-17; *In re Guidry*, 316 S.W.3d at 742.

## IV.  **Conclusion and Prayer**

Rule 3.08 requires disqualification to prevent the confusion and unfair prejudice that would result should Mr. Spencer continue to serve as an advocate and a witness at trial. Therefore, Defendant respectfully requests Jason Spencer be prohibited from representing Plaintiff at the trial of this case. Defendant additionally requests all such other relief to which it may be justly entitled.

{03407610.DOC / }

WHEREFORE, PREMISES CONSIDERED, Defendant BMW OF NORTH AMERICA, LCC, respectfully prays the Court and all things grant its Motion to Disqualify Counsel as trial counsel for Plaintiff as well as any further relief to which Defendant may show itself justly and equitably entitled.

Respectfully submitted,

J. MICHAEL MYERS
Federal Bar No. 15110
Direct Line:    (210) 731-6309
Direct Fax:    (210) 785-2909
E-mail: mmyers@namanhowell.com
NAMAN, HOWELL, SMITH & LEE, PLLC
10001 Reunion Place, Suite 600
San Antonio, Texas  78216

ATTORNEY FOR DEFENDANT,
BMW OF NORTH AMERICA, LLC

{03407610.DOC / }

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been provided to all known counsel of record as indicated below, on the ____ day of June,  2015.

Jason C. Spencer
4416 Ramsgate, Suite 202
San Antonio, Texas 78230
1
ATTORNEYS FOR PLAINTIFF

☐ Local Courier Service
☐ Hand Delivery
☐ Facsimile
☐ U.S. Mail
☒ U.S. Certified Mail
☐ Federal Express
☐ Other courier service


J. MICHAEL MYERS

{03407610.DOC / }