IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ERIN L. SPENCER, | § | CV NO. 5:14-CV-869-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| BMW OF NORTH AMERICA, LLC, | § | |
| and CARMAX AUTO | § | |
| SUPERSTORES, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

ORDER GRANTING DEFENDANTS' MOTIONS FOR LEAVE TO
DESIGNATE JASON C. SPENCER AS RESPONSIBLE THIRD PARTY

Before the Court are two Motions for Leave to Designate Jason C.

Spencer as a Responsible Third Party by Defendants BMW of North America,

LLC ("BMW") (Dkt. # 18) and Carmax Auto Superstores, Inc. ("Carmax") (Dkt.

# 19) (collectively, "Defendants"). Pursuant to Local Rule 7(h), the Court finds

this matter suitable for disposition without a hearing. For the reasons that follow,

the Court **GRANTS** Defendants' Motions (Dkts. ## 18, 19).

BACKGROUND

On September 18, 2012, Plaintiff Erin Spencer ("Plaintiff") was

attempting to drive her BMW X5. (Dkt. # 1-4 at 5.) Plaintiff alleges that the

BMW X5's emergency brake is located at the rear of the vehicle such that a single

Case 5:14-cv-00869-DAE   Document 21   Filed 04/02/15   Page 2 of 7

driver cannot manually disengage the brake from the driver's seat.  (Id. at  5–6.)
Plaintiff alleges that the emergency brake failed to disengage.  (Id.)  She further
alleges that when she exited the vehicle to disengage the emergency brake, it
unexpectedly disengaged, rolled backward down an incline, and crushed her
between her vehicle and another parked car.  (Id. at 6.)  As a result of the accident,
she has allegedly suffered serious injuries to her legs, left arm, and pelvis, which
have caused disfiguring scars, body contours, and permanent pain that sometimes
prevents her from walking.  (Id. at 13.)

On September 10, 2014, Plaintiff filed suit against Defendants in the
407th District Court of Bexar County, Texas, alleging fraud, negligence, negligent
misrepresentation, and violations of the Deceptive Trade Practices Act ("DTPA").
(Id. at    8–12.)  She sought compensatory and exemplary damages and attorney's
fees.  (Id. at 13–15.)  On September 29, 2014, Plaintiff filed an amended
complaint, setting forth the same causes of action and damage requests.  (Id. at 29.)

On October 3, 2014, BMW removed the case to this Court, invoking
the Court's diversity jurisdiction.  (Dkt. # 1.)  On the same day, BMW filed its
answer and counterclaim, which alleges that Plaintiff's claims are groundless,
brought in bad faith, or brought for the purpose of harassment.  (Dkt. # 2 at 7.)  On
November 3, 2014, Carmax filed a consent to removal (Dkt. # 8), and filed its

Case 5:14-cv-00869-DAE   Document 21   Filed 04/02/15   Page 3 of 7

answer and counterclaim, which mirrors the counterclaim brought by BMW (Dkt. # 9.)

On January 21, 2015, BMW filed its Motion for Leave to Designate Jason C. Spencer as Responsible Third Party. (Dkt. # 18.) On January 22, 2015, Carmax filed its Motion for Leave to Designate Jason C. Spencer as Responsible Third Party. (Dkt. # 19.) No party has filed objections.

<u>DISCUSSION</u>

Because Defendants' motions are identical, the Court addresses the arguments made therein together. Defendants seek to designate Jason C. Spencer[1] ("Spencer") as a responsible third party pursuant to Texas Civil Practice and Remedies Code § 33.004. (Dkt. # 18 at 2; Dkt. # 19 at 2.) They contend that Spencer was the individual who disengaged the vehicle's emergency brake on September 18, 2012, and that Spencer was negligent in failing to properly disengage the brake, failing to take proper precautions to prevent the vehicle from rolling backwards, and failing to ensure that other individuals were not standing behind the vehicle. (Dkt. # 18 at 1–2; Dkt. # 19 at 1–2.)

Texas Civil Practice and Remedies Code § 33.004 is part of the proportionate responsibility statute that governs the allocation of responsibility in

---

[1] The Court notes that Spencer is Plaintiff's spouse and currently represents Plaintiff.

Case 5:14-cv-00869-DAE   Document 21   Filed 04/02/15   Page 4 of 7

tort and DTPA cases under Texas law.  See Tex. Civ. Prac. & Rem. Code

§§ 33.001–33.004.  The statute permits a trier of fact, when apportioning liability,

to consider the relative fault of the defendants as compared to other responsible

third parties that are not party to the suit.[2]  See Tex. Civ. Prac. & Rem. Code

§ 33.003(a); JCW Electronics, Inc. v. Garza, 257 S.W.3d 701, 702 (Tex. 2008).  A

person designated as a responsible third party faces no liability based on a finding

of fault; the sole purpose of designation is to properly assess the liability of the

plaintiffs and defendants.  See Tex. Civ. Prac. & Rem. Code § 33.004(i).

 Section 33.011(6) defines a responsible third party as

> [A]ny person who is alleged to have caused or contributed to causing
> in any way the harm for which recovery of damages is sought,
> whether by negligent act or omission, by any defective or
> unreasonably dangerous product, by other conduct or activity that
> violates an applicable legal standard, or by any combination of these.

---

[2] Because a finding of fault against a person designated as a responsible third party does not impose liability on that person and cannot be used in any other proceeding as a basis to impose liability, the statute is not a joinder statute and does not conflict with any procedural mechanisms that would join a party to a suit in federal court.  E.g., Sulak v. Am. Eurocopter Corp., 901 F. Supp. 2d 834, 840–41 (N.D. Tex. 2012) (distinguishing designation of responsible third parties under § 33.004, which determines liability as "a substantive question based on the facts the applicable law" from impleading a third-party defendant, which is a "pure procedural inquiry" that mandates the application of federal procedural rules). Accordingly, state law properly governs the designation of responsible third parties in this diversity action.  E.g., Withers v. Schneider, 13 F. Supp. 3d 686, 688 (E.D. Tex. 2014) (holding that "§ 33.004 exists to allow proper allocation of fault among both the named defendants and those persons designated as responsible third parties, rather than to govern the procedures by which third-parties may be brought into the case as Rule 14 does").

Case 5:14-cv-00869-DAE   Document 21   Filed 04/02/15   Page 5 of 7

Tex. Civ. Prac. & Rem. Code § 33.011(6).  A defendant can only designate a

person as a responsible third party after the applicable limitations period on the

cause of action has expired if the defendant has complied with its obligations to

timely disclose potential responsible third parties under the Texas Rules of Civil

Procedure.  Id. § 33.004(d).  So long as the defendant has fulfilled those

requirements, the court must grant the motion to designate, unless another party

timely files an objection to the motion.  Id. § 33.004(f).  The burden for

designation is relatively low because, once the parties have engaged in discovery, a

party can move to strike the designation based on insufficient evidence of liability.

Id. § 33.004(l).

      Here, Defendants have pled facts stating that Spencer contributed to

causing the harm that Plaintiff suffered, and no party has objected to the

designation.  However, because the statute of limitations for this action expired on

September 18, 2014, Tex. Civ. Prac. & Rem. Code § 16.003, the Court must

determine whether Defendants timely complied with their disclosure obligations

under § 33.004(d) before designating Spencer as a responsible third party.

      The only disclosure requirement regarding responsible third parties

under the Texas Rules of Civil Procedure is Rule 194.2(l), which permits a party to

request disclosure of "the name, address, and telephone number of any person who

may be designated as a responsible third party." To the Court's knowledge, Plaintiff has never requested this information of Defendants. Accordingly, Defendants had no disclosure obligations regarding responsible third party designations under the Texas Rules of Civil Procedure.[3]

Therefore, even though the statute of limitations expired four months before Defendants sought leave to designate Spencer as a responsible third party, designation is proper.[4] The Court thus **GRANTS** Defendants' Motions for Leave.[5]

---

[3] There is a reasonable argument that Texas Rules of Civil Procedure ceased to have any relevancy to the case once the action was removed to federal court, since the parties are now bound by the disclosure obligations in the Federal Rules of Civil Procedure. E.g., McIntyre v. K-Mart Corp., 794 F.2d 1023, 1025 (5th Cir. 1986) (noting that federal rules apply after removal, including rules pertaining to discovery). Since there is no federal counterpart for responsible third parties, there would be no disclosure requirement under federal law, in which case Defendants had no timely disclosure obligations with which they would have had to comply under § 33.004(d). See Webber, LLC v. Symons Corp., No. 4:12-CV-181, 2013 WL 3356291, at *2 (N.D. Tex. July 3, 2013) (discussing disclosure requirements under the Texas and Federal Rules of Civil Procedure).

[4] In Withers v. Schneider National Carriers, Inc., the court found that designation of a responsible third party after the statute of limitations had run constituted untimely designation pursuant to § 33.004(d) and therefore denied the defendant's motion. 13 F. Supp. 3d 686, 690–91 (E.D. Tex. 2014). The court reasoned that, despite a lack of disclosure obligations under the Texas or Federal Rules of Civil Procedure, defendants had the duty to disclose the existence of any potential responsible third parties as soon as reasonably possible so that the plaintiff had the opportunity to join those parties before they were time barred. Id. at 691. The court found that the defendant's failure to designate the responsible third party until after the statute of limitations had run rendered the designation untimely. Id. However, the court was clear that its holding did not "announce a general rule that all disclosures made after the applicable statute of limitations have expired must be

6

<u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS** Defendants' Motions

for Leave to Designate Jason C. Spencer as a Responsible Third Party (Dkts.

## 18, 19).

**IT IS SO ORDERED.**

**DATED**: San Antonio, Texas, April 2, 2015.

_____
David Alan Ezra
Senior United States Distict Judge

---

deemed untimely for purpose of § 33.004(d)" and emphasized the importance of determining timeliness on a case-by-case basis. <u>Id.</u>

To the extent that the <u>Withers</u> court was correct that § 33.004(d) contains a general timeliness requirement separate from disclosure obligations under Texas Rules of Civil Procedure, this Court finds the instant case distinguishable. In <u>Withers</u>, the plaintiff filed his case on February 26, 2013, over seven months before the statute of limitations period had run. <u>Id.</u> at 687. As such, the defendants had over seven months to discover and timely designate the responsible third party before the statute of limitations expired. <u>Id.</u> In the instant case, Plaintiff filed suit eight days before the statute of limitations expired. Eight days would not have permitted Defendants the opportunity to discover and designate Spencer as a responsible third party. If the purpose of the timeliness requirement is to afford the plaintiff an opportunity to name the responsible third party as a defendant in the suit, Plaintiff eliminated such a possibility by filing her case so close to the expiration of the statute of limitations. Accordingly, to the extent that there is a general timeliness requirement in § 33.004(d), the Court finds that the request in this case was timely, as it came months before the March 30, 2015 amended pleadings deadline and the June 3, 2015 discovery deadline.

[5] The Court notes that Spencer is now involved in the case both as Plaintiff's counsel and as a responsible third party.

7