IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ERIN L. SPENCER | § § § | |
| vs. | § § | NO: SA: 14-CV-00869-DAE |
| BMW OF NORTH AMERICA, LLC, AND CARMAX AUTO SUPERSTORES, INC., | § § § | |

### DEFENDANT BMW OF NORTH AMERICA, LLC'S MOTION TO EXCLUDE DR. JAHAN RASTY AND RUSSELL M. GILL, JR. AS EXPERT WITNESSES

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES BMW OF NORTH AMERICA, LLC ("BMW NA"), Defendant in the above styled and numbered action, and as its Motion to Exclude Dr. Jahan Rasty and Russell M. Gill, Jr. as expert witnesses on behalf of the Plaintiff in the above styled and numbered action would respectfully show unto the court as follows:

**I.**

This lawsuit arises out of an accident that occurred on or about September 18, 2012 at the home of Erin Spencer. Erin Spencer was married to Jason Spencer, who was the title owner of a 2008 BMW X5 vehicle. Mr. Spencer has been designated as a responsible third party by this Court (Exhibit 1). The X5 vehicle was parked on a steep slope which served as the driveway for Plaintiff's house. Jason Spencer released the manual parking brake at a time when Erin Spencer had situated herself behind the X5 vehicle on the steep slope. The Plaintiff has filed various "petitions" in which she claimed, at one time or another, various alleged product defects and warning defects.

## II.

Plaintiff designated two liability expert witnesses by that pleading described as "Plaintiff's Designation of Expert Witnesses" (Exhibit 2) which is incorporated herein by reference. This document was filed on or about April 17, 2015.

In the description of the role of Dr. Rasty, it is indicated that "his role is to evaluate, test and provide testimony regarding the design, manufacture, repair and maintenance as well as provide insight into the utility, practicality, cost of alternative design as well as the feasibility of any alternative design." The Plaintiff further indicated "[r]eports from Dr. Rasty will be provided upon opportunity for discovery and the acquisition of records from Defendant has been accomplished." Plaintiff did not, contrary to Rule 26 of the Federal Rule of Civil Procedure, or either of the scheduling orders entered by this Court (Exhibits 3 and 4) supply any report from Dr. Rasty setting forth his opinions. Further, Plaintiff has not produced any materials required to be produced pursuant to Rule 26 of the Federal Rules of Civil Procedure including the data or other information considered by Dr. Rasty in forming any opinions he has in this case, or any exhibits that will be used to summarize or support his opinions. There was also no provided list of all other cases in which Dr. Rasty has testified as an expert at trial or deposition in the previous four (4) years, or any statement of the compensation to be paid for the study or testimony in this case. Most importantly, however, Plaintiff has never provided a complete statement of all opinions that Dr. Rasty will express and the basis and reasons for those opinions.

## III.

The Plaintiff's description of the role of Mr. Gill is almost identical to that of Dr. Rasty. He is expected to generally testify regarding the same topics. Once again, the Plaintiff produced no reports and there is no statement as to any opinion of Mr. Gill regarding this lawsuit, or any

production of materials required to be produced under Rule 26.  There is no data or other information considered by Mr. Gill in forming any opinions he may have in this case (although unexpressed).  There is no identification or attachment of any exhibits that will be used to summarize or support his opinion.  There is no testimony list and there is no statement regarding compensation to be paid.

Based upon their curricula vitae, it does not appear that either Rasty or Gill have ever worked for a company that was engaged in the design, manufacture or marketing of motor vehicles.  It does not appear that either of them holds any patents relating to automobile brake systems or motor vehicle batteries, or any other issue made the basis of this lawsuit. It does not appear that either of them has published in any scientific, reliable, peer-reviewed literature on any topic relevant to this case.  There is no citation in the disclosures of any scientific or reliable peer-reviewed literature upon which either of them rely and support any opinions that they may have in regard to this lawsuit.  Neither Rasty nor Gill has shown to have any expertise in regard to warnings or labeling, and it is not shown that either has ever designed any warning or label for any product that was ever sold in the marketplace.  In other words, the qualifications of Dr. Rasty and Mr. Gill are challenged as are the methodology arriving at whatever unknown opinions either may have, and the reliability of any such opinions.

### IV.

BMW of North America, LLC cannot even determine whether or not Dr. Rasty or Mr. Gill have been hired in this case.  The oral deposition of Jason Spencer was taken on June 2, 2015. During that deposition, Mr. Spencer claimed to have retained Dr. Rasty and Mr. Gill, but then admitted that both required retainers before they performed any work and that he had not paid either Rasty or Gill the requested retainer fee.  See oral deposition of Jason Spencer at pages

110-114 (Exhibit 5). Further, Mr. Spencer had admitted that he had not signed contracts submitted by Dr. Rasty and Mr. Gill at that time, and did not expect either of them to perform any work in this case until those contracts had been executed. (*Id* at pages 110-114). The deposition of Mr. Spencer has never been amended or supplemented in this regard. BMW of North America, LLC, therefore, cannot ascertain whether or not Dr. Rasty or Mr. Gill have actually been retained in the case. Even so, the absolute failure of Plaintiff to meet the requirements of Rule 26 and the scheduling orders of this Court place the Court and BMW NA in the impossible position of attempting to evaluate the merits of a *Daubert* challenge without sufficient information by which to do so. The Plaintiff essentially precluded the Court from performing its gate-keeping function by the failure to comply with Rule 26 or the scheduling orders.

V.

**DAUBERT STANDARD**

Plaintiff has failed to show that Rasty or Gill have the requisite reliability to satisfy the requirements of Federal Rule of Evidence 702, as interpreted by the United States Supreme Court in Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct 2786 (1993) ("Daubert I"); on remand, Daubert v. Merrill Dow Pharmaceuticals, Inc., 43 F.3d 1311 (9th Cir. 1995) ("Daubert II") and Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999); and the requirements and interpretations of the Texas Supreme Court, E.I. du Pont De Nemours & Co., Inc. v. Robinson, 923 S.W.2d 549 (Tex. 1995); Merrill Dow Pharmaceuticals, Inc. Havner, 953 S.W.2d 706 (Tex. 1997). This Court is well aware of the general provisions of Daubert and its progeny, therefore, Defendant would point out only a few tenets that apply specifically to this case.

First, courts have recognized that it is "not so" simply because "an expert says it is so." See *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 421 (5th Cir. 1987). When the expert "br[ings] to court little more than his credentials and a subjective opinion, "this is not evidence that would support a judgment." *Viterbo*, 826 F.2d at 421-422. The Fifth Circuit in *Viterbo* affirmed a summary judgment and the exclusion of expert testimony that was unreliable, holding that "[i]f an opinion is fundamentally unsupported, then it offers no expert assistance to the jury." Id. At 422; see also *General Electric Co. v. Joiner*, 522 U.S. 136, 118 S.Ct. 512, 519 (1997)( nothing requires court to admit opinion evidence which is connected to existing data only by the ipse dixit of the expert as court may conclude too great an analytical gap exists between data and opinion proffered). Thus, if an expert's opinion merely set forth conclusions without any indication of how those conclusions were reached, the expert's opinions will be of no assistance to the trier of fact. Indeed, experts who are willing to form opinions without validation tests lack objectivity, the hallmark of the scientific method. *Claar v. Burlington Northern R. Co.*, 29 F.3d 499, 502-502 (9th Cir. 1994); *Diviero v. Uniroyal Goodrich Tire Company*, 919 F.Supp. 1353, 1360 (D. Ariz. 1996).

Texas law does not generally recognize a product failure standing alone as proof of a defect. *Cooper Tire & Rubber Co. v. Mendez,* 204 S.W.3d797, 807 (Tex. 2006).

The methodology used must be examined and may be exactly what the Supreme Court warned about in *General Electric* (i.e., the conclusions are valid because "I'm the expert"). "[T]here is nothing here to submit to peer review, and it is impossible to ascertain any rate of error for [his] assumptions...." See *Oddi v. Ford Motor Co.*, supra.

WHEREFORE, PREMISES CONSIDERED, BMW of North America, LLC respectfully prays the Court grant Defendant's Motion to Exclude Expert Testimony of Dr. Rasty and Dr. Gill, as well as for any further relief to which this Defendant may be justly and equitably entitled.

Respectfully submitted,

J. MICHAEL MYERS
State Bar No. 14760800
Direct Line: (210) 731-6309
Direct Fax: (210) 785-2909
E-mail: mmyers@namanhowell.com
NAMAN, HOWELL, SMITH & LEE, PLLC
10001 Reunion Place, Suite 600
San Antonio, Texas 78216

ATTORNEY FOR DEFENDANT,
BMW OF NORTH AMERICA, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been provided to all known counsel of record as indicated below, on the 22 day of October, 2015.

| | |
|---|---|
| ERIN L. SPENCER<br>7718 Braun Bend<br>San Antonio, Texas 78250<br><br>PLAINTIFF | ☐ Local Courier Service<br>☐ Hand Delivery<br>☐ Facsimile<br>☐ U.S. Mail<br>☒ U.S. Certified Mail<br>☐ Federal Express<br>☐ Other courier service |

J. MICHAEL MYERS

{03600470.DOCX / }